1  Peter E. Perkowski (SBN 199491)
   peter@perkowskilegal.com
2  PERKOWSKI LEGAL, PC
   445 S. Figueroa Street
3  Suite 3100
   Los Angeles, California 90071
4  Telephone: (213) 426-2137

5  Attorneys for Plaintiff
   BACKGRID USA, INC.
6

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10 BACKGRID USA, INC.,                 Case No.: 2:21-cv-1409

11           *Plaintiff*,              **COMPLAINT FOR COPYRIGHT INFRINGEMENT**

12 v.                                  *Jury Trial Demanded*

13 CASANDRA VENTURA,

14           *Defendant*.

15

16

17

18       Plaintiff BackGrid USA, Inc., for its Complaint against Defendant Casandra

19 Ventura, alleges as follows:

20       1.    This is an action for direct, contributory, and vicarious copyright

21 infringement brought by plaintiff, the holder of all copyrights to the photographs

22 described below (the "Photographs"), against defendant under the copyright laws of

23 the United States, 17 U.S.C §101, et seq., requesting actual or statutory damages and

24 other relief, stemming from defendant's unauthorized exploitation of plaintiff's

25 copyrighted photographic images.

26                              **JURISDICTION**

27       2.    This action arises under the Copyright Act of 1976, Title 17 U.S.C.

28 § 101 et seq.

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

### *Plaintiff*

4. Plaintiff BackGrid USA, Inc. is an entity organized and existing under the laws of the state of California with its principal place of business in Redondo Beach, California. BackGrid is a global premier celebrity news and photo agency that provides the world's top news outlets with real-time content from the world's top photographers.

5. BackGrid also maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty. BackGrid licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

6. BackGrid conducts business as a syndicator of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

7. But repeated, almost instantaneous acts of content piracy destroy the syndication value of the work of content creators and owners like BackGrid. When content is distributed widely for free by infringers, legitimate licensors like BackGrid's customers will decline to license that content, or the amount they are willing to pay will be reduced. Legitimate publications to which BackGrid looks to pay licensing fees are unwilling to pay for work that is already widely disseminated on the internet for free. This is especially true when, as here, celebrities distribute images of themselves to their millions of followers without authorization.

### *Defendant*

8. Defendant Casandra Ventura, known mononymously as Cassie, is an American recording artist, model, and actress. On information and belief, Ms.

1   Ventura is the owner and operator of the Instagram account @cassie, which is publicly accessible.

### Personal Jurisdiction

9. This Court has personal jurisdiction over defendant because, on information and belief, she resides in the State of California and this judicial district and, on information and belief, is also doing business in the State of California and in this judicial district.

### Venue

10. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400(a).

### FACTS SUPPORTING ALL CLAIMS

11. Defendant used BackGrid's Photographs without authorization, permission, license, or justification, as follows:

### Infringements

12. BackGrid is the owner and copyright holder of photographic images depicting defendant Ms. Ventura walking in public with Sean Combs (the "Photographs"). The Photographs were registered with the United States Copyright Office as Registration No. VA 2-103-064 (eff. May 16, 2018).

13. BackGrid never licensed the Photographs to Ms. Ventura. Nevertheless, Ms. Ventura used the Photographs without authorization or permission to do so.

14. Specifically, Ms. Ventura or her agents copied the Photographs and displayed them on Instagram on February 20, 2018, via her account @cassie.

15. BackGrid discovered Ms. Ventura's infringement of the Photographs 1 on or about February 20, 2018.

### Defendant's Infringements Harmed BackGrid

16. The Photographs are creative, distinctive, and—as evidenced by Defendant's use and misappropriation of them—valuable. Because of Defendant's

popularity and celebrity status, and because of the Photographs' quality and visual appeal, BackGrid stood to gain revenue from licensing the Photographs.

17. But Defendant's unauthorized use of the Photographs harms the existing and future market for the Photographs, especially when such unauthorized use occurred at or around the same time as licensed copies of the Photographs were publicized. Defendant's Instagram posts made the Photographs immediately available to her 7.5 million followers and to the public, including consumers of entertainment news—and especially news and images of defendant herself, as evidenced by their status as Instagram followers of defendant—who would otherwise be interested in viewing licensed versions of the Photographs in the magazines, newspapers, and online publications that are BackGrid's customers.

## CLAIM ONE

### (For Copyright Infringement, 17 U.S.C. § 501)

18. BackGrid realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

19. BackGrid is the author and or/copyright owner of the protected Photographs named above in this Complaint.

20. Defendant has reproduced, displayed, distributed or otherwise copied the Photographs without BackGrid's authorization or license.

21. The foregoing acts of Defendant infringed upon the exclusive rights granted to photographers under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

22. BackGrid has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

23. BackGrid suffered damages as a result of Defendant's unauthorized use of the Photographs.

24. Having timely registered the copyright in the Photographs, BackGrid is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

25. As a recording artist and actress, Defendant operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, Defendant was aware of the importance of copyright protection and knew that she needed to have but did not have permission to use the Photographs, and/or she acted recklessly by posting the Photographs without determining her right to do so. Such actions will support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

26. In the alternative, BackGrid is entitled to recovery of its actual damages and Defendant's profits attributable to the infringement of the Photographs, under 17 U.S.C. § 504(b).

27. Within the time permitted by law, BackGrid will make its election between actual damages and profit disgorgement, or statutory damages.

28. BackGrid is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## CLAIM TWO

### (For Vicarious and/or Contributory Copyright Infringement)

29. BackGrid realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

30. If Defendant is not liable as a direct infringer of the Photographs, she is secondarily liable for the infringements directly committed by individual employees, contractors, or other infringers presently unknown (the "Direct Infringers").

31. Defendant contributed to, induced, or assisted infringements by the Direct Infringers. Those Direct Infringers infringed while acting under Defendant's

direction and control and/or using technology, facilities, and support services provided by Defendant.

32. Defendant had, or should have had, knowledge of the infringements of the Direct Infringers. Further, the Photographs were published on Defendant's Instagram account and Defendant was, or should have been, aware of that fact.

33. Defendant had the right and ability to supervise the infringing activity that all the Direct Infringers committed because the infringements occurred on her Instagram account.

34. Defendant obtained some financial benefit from the infringement of BackGrid's rights in the Photographs because, on information and belief, Defendant has monetized her Instagram account, and because the Photographs were a draw for viewers regardless of the revenue received from any specific use. Accordingly, Defendant had an incentive to permit and even encourage infringement by the Direct Infringers.

35. As a direct and proximate result of said acts of secondary infringement, BackGrid has suffered substantial damages in an amount to be proven at trial.

36. BackGrid is entitled to actual damages and disgorgement of direct and indirect profits realized by Defendant in an amount to be proven at trial or, at its election, statutory damages.

37. Within the time permitted by law, BackGrid will make its election between actual damages and profit disgorgement, or statutory damages.

38. BackGrid is further entitled to attorney fees and costs under 17 U.S.C. § 505.

**PRAYER FOR RELIEF**

WHEREFORE, BackGrid requests the following:

A. For a preliminary and permanent injunction against Defendant and anyone working in concert with her from further copying, displaying, distributing, selling, or offering to sell the Photographs;

B.    For an order requiring defendant to account to plaintiff for profits and any damages sustained by BackGrid arising from the acts of infringement;

C.    As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of BackGrid's copyrights—including digital copies or any other means by which they could be used again by Defendant without BackGrid's authorization—as well as all related records and documents;

D.    For actual damages and all profits derived from the unauthorized use of the Photographs or, where applicable and at BackGrid's election, statutory damages;

E.    For an award of pre-judgment interest as allowed by law;

F.    For reasonable attorney fees;

G.    For court costs, expert witness fees, and all other costs authorized under law;

H.    For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: February 16, 2021    Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
Peter E. Perkowski

Attorneys for Plaintiff
BACKGRID USA, INC.

7
COMPLAINT